Battle, 3.
The main, if not the only difficulty in the will which is now presented to us for construction, has arisen from the dissent of the widow from it. The. whole scope of the will prior to the tenth item, in providing for the testator’s family, is manifestly framed upon the supposition of the continued existence of his wife, as a widow:' He foresaw ■ that her death "or marriage would entirely derange his plans, and he therefore declares in the.tenth item, that should she die or marry, his desire. was, that all of his money, and all of his property of every kind, should either be sold or divided,, as might be agreed upon by his children, each taking an equal share^
There was another' event which might happen, and which,- if it did occur, would as effectually .break up his family arrangement, as either of the other two ;. but which he seems not to have anticipated, and therefor® made no provision against it. This was the dissent of th@ widow, and her claiming her-share of the property, as if he had died intestate. The e’ffect of this upon the dispo *106 sitions made for tíis children in the will, must, alter the assignment of her dow-er, and the giving her an equal part with the children, of the personal estate, be the same as if she had died or married. The executors must therefore, proceed .to dispose of the property as directed by the tenth clause of the will. The administrator and adrnin-istratix of the children who have died since the death' of their father, will be entitled, to their respective shares of the personal estate. The case of Adams vs. Gillespie, 2 Jones’ Eq., 244, shows that where there is the legacy of a slave to a wife"for life-with remainder, the dissent of the widow will hasten the 'vesting in possession, of the remainder.. .
Notj. — Th« decree declares that “ upon the dissent of CtrneliaS. Stafford, the widow of the testator, the persona! estate in the hands of ths plaintiff a? executor, became subject to distribution among the widow and next of kin of the testator, as if he had died'intestate." And it is> adjudged and decreed, that, • “ the plaintiff pay her. one ninth part of said estate, remaining after paying the. debts of the testator and the costs 'and charges of administration — to be held by her in her own right, and one other ninth part to be held by her as administratix,” &c. And the cause is retained with liberty in any of the parties to apply for fv.rf.her directions therein.
The plaintiff may have a decree in accordance with this opinion.